805 F.2d 393
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellant,
v.
Richard Lee COLZIE, Appellee.
 No. 85-5254.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 10, 1986.
Decided Nov. 14, 1986.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, District Judge. (CR-85-00180-A).
 William G. Otis, Assistant U.S. Attorney (Justin W. Williams, U.S. Attorney; Kenneth E. Melson, Assistant U.S. Attorney, on brief), for appellant.
 William B. Moffit (Thomas Rawles Jones, Jr.; Lisa Bondareff Kemler; Moffit & Jones, on brief), for appellee.
 E.D.Va.
 REMANDED WITH INSTRUCTIONS.
 Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is an appeal by the United States from the district court's order suppressing the statements made by the defendant Richard Lee Colzie at the Washington National Airport on September 5, 1985, and also suppressing the evidence seized from his luggage at that time. The district court found that the arrest of Colzie was without probable cause and that the statements and the cocaine seized from his luggage were the fruits of this unlawful arrest. The district court did not rule on the government's claim that Colzie consented to the search of his luggage. At the conclusion of the suppression hearing, the judge ruled that the arrest was without probable cause, but stated, "I need further proof on the examination of the bag." Later the same day, without receiving any additional evidence on the question of the voluntariness of the luggage search, the district judge filed a written order suppressing both the defendant's statements and the cocaine taken from his luggage.
 
 
 2
 While the district court may have been correct in finding no probable cause for the arrest and suppressing the defendant's statements, if the defendant consented to the search of his luggage, the contraband found therein would have been admissible against him. Since this question remains open, we find it best to avoid a piecemeal appeal and remand the case to the district court for a finding of fact on the issue of whether Colzie gave his consent to the search of his luggage.
 
 
 3
 REMANDED WITH INSTRUCTIONS.